IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SKYWATCH TRAFFIC, LLC. )
)
v. ) No. 3-10-0959
)
CUMULUS MEDIA, INC; and )
CUMULUS BROADCASTING LLC. )
a/k/a Cumulus of Nashville )

O R D E R

The plaintiff's motion for leave to file amended complaint (Docket Entry No. 13) is GRANTED in part and DENIED in part, as provided herein.

The plaintiff seeks to amend its complaint to add claims for breach of three additional contracts. The plaintiff maintains that the three additional contracts and the alleged breaches are of the same nature as the contracts already at issue in the case. The defendants oppose the amendment, see Docket Entry No. 16, because the three contracts are unrelated and require application of other states' laws and, most significantly, because one of the contracts, the Fort Walton Agreement, contained a venue provision requiring that any disputes between the parties must be litigated in federal or state court in Okaloosa County, Florida. See Docket Entry No. 13-5, at 3. Although the plaintiff acknowledged that provision in its motion to amend, the plaintiff did not suggest that the provision should not apply or otherwise address the issue. Neither did the plaintiff file a reply to the defendant's response or seek to file a reply to address that issue.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent

reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)).

      The Court of Appeals for the Sixth Circuit has consistently held that Rule 15(a) requires that amendments are to be granted with liberality. See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Manuf. Co., 699 F.2d 330 (6th Cir. 1983). The significant factor to consider in determining whether a motion to amend should be denied is the degree of prejudice to the defendants if the amended complaint were to be granted, Hageman v. Signal L. P. Gas, Inc., 486 F.2d 479 (6th Cir. 1973), and the corollary factor of whether the defendants have been on notice of the possibility of an amendment, or alternatively, whether the proposed amendment is a surprise to the non-moving party. Moore v. City of Paducah, supra; Howard v. Kerr Glass Manuf. Co., supra. See also Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001); Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980). Delay, by itself is not a basis for denial of a motion to amend, without some significant showing of prejudice to the non-moving party. United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989); Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989); Moore, 790 F.2d at 562; Hageman, 486 F.2d at 484. However, the Sixth Circuit has also held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 633 (6th Cir. 2009); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th

Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980).

In addition, when a party seeks to amend in the late stages of a case, the moving party bears "an increased burden to show justification for failing to move earlier." Wade, 259 F.3d. at 459. See also Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

The defendants have not suggested that they were surprised by the plaintiff's motion to amend. Other than contending that there is no inherent efficiency in addressing the separate claims in the agreement originally at issue and the additional agreements because they involve different radio stations and different markets and pointing out that the additional agreements are governed by Alabama or Florida law, the defendants have not argued that they will be significantly prejudiced if the plaintiff's motion to amend were granted. The plaintiff filed its motion to amend on the deadline provided in the initial case management order entered November 22, 2010 (Docket Entry No. 9), for filing motions to amend the pleadings. The deadlines for completion of discovery, expert disclosure, and filing dispositive motions have not yet passed. If the defendants need extensions of time as a result of the amended complaint, there is some flexibility in the scheduling deadlines to accommodate the defendants.

However, the defendants emphasize that an amendment to add a claim for breach of the Fort Walton agreement would be futile because of the mandatory venue selection provision. The plaintiff has not provided any reason why the defendants would not be successful on a motion to change venue or dismiss the plaintiff's claim relating to the Ft. Walton agreement for lack of venue.

Therefore, the Court agrees with the defendants that the plaintiff should not be permitted to amend the complaint to assert a new claim based on the Ft. Walton agreement. However, the plaintiff should be permitted to amend its complaint to assert claims based

on the Pensacola Agreement and the Mobile Agreement, neither of which have venue selection provisions.

The plaintiff shall have until April 25, 2011, to file an amended complaint, asserting claims based on the Pensacola and Mobile Agreements, but the plaintiff shall not include any claims based on the Ft. Walton Agreement.[1]

The defendants shall have until May 9, 2011, to file a response to the plaintiff's amended complaint.

The defendants shall file any motion to extend any scheduling deadline prior to the expiration of such deadline.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] The plaintiff may, of course, choose to file a separate action in another court(s) that would have venue and forego its right to amend its complaint in this case to assert claims based on the Pensacola and Mobile agreements.